affirmed an order of Special Term directing the appellant to complete his purchase.

*Thomas Darlington* for appellant.

*Boudinot Keith* for respondents.

Agree to affirm; no opinion.
All concur.
Order affirmed.

---

ESTHER S. HILLER, as Administratrix, etc., Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

(Submitted January 29, 1889; decided February 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made September 18, 1888, which affirmed an order of Special Term denying a motion to change the place of trial in the above-entitled action.

*Edmund B. Wynn* for appellant.

*Louis Marshall* for respondent.

Agree to affirm; no opinion.
All concur.
Order affirmed.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THEODORE W. MYERS, as Comptroller, etc., Appellant.

(Submitted January 29, 1889; decided February 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 20, 1888, which affirmed an order of Special Term directing the issuance of an alternative writ of *mandamus*.

*David J. Dean* for appellant.

*Charles F. Tabor*, attorney-general, for respondent.

Agree to affirm; no opinion.
All concur, except GRAY, J., not voting.
Order affirmed.

---

THE SISTERS OF THE POOR OF ST. FRANCIS, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

(Submitted January 29, 1889; decided February 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 17, 1888, which reversed an interlocutory judgment overruling a demurrer to plaintiff's complaint.

*George Bliss* for appellant.

*David J. Dean* for respondent.

Agree to affirm on opinion of court below.
All concur.
Order affirmed.

---

CONSTANCE B. PRICE, Respondent, *v.* STEPHEN BROWN et al., as Executors, etc., Appellants.

Where, upon trial before a referee of an action to recover a balance of trust funds alleged to have been in the hands of defendant's testator at the time of his death, the referee allowed an amendment of the complaint by striking out a credit given by mistake and increasing the amount claimed, and where the judgment entered upon the referee's report was reversed and a new trial granted, *held*, that the new trial, in the absence of any order or direction otherwise, was necessarily upon the amended pleadings; also, that the amendment did not introduce a new cause of action and was within the discretion of the referee.

(Argued December 4, 1888; decided March 5, 1889.)